IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEANDRE B. WELLS              :
                              :
  v.                          :    CIVIL NO. CCB-16-1356
                              :
U.S. DEPT. OF VETERAN AFFAIRS :

...o0o...

**MEMORANDUM**

Plaintiff DeAndre Wells, representing himself, has filed a complaint against the Department of Veterans Affairs (the "VA"), and the VA has responded with a motion to dismiss. It will be granted but with leave to amend in 21 days.

The complaint is unclear about the specific facts and legal theories upon which Mr. Wells attempts to support a claim. It appears that he believes he was subjected to verbal abuse, amounting to intentional infliction of emotional distress, when he attended a meeting at the VA with several VA employees to discuss vocational rehabilitation. Mr. Wells filed an administrative claim, which was investigated but denied. Assuming without deciding that the federal government may have waived sovereign immunity for this claim under the Federal Tort Claims Act, *see Cantrel v. United States*, 2013 WL 822045 (D. Md. March 4, 2013), Mr. Wells has not alleged facts that would state a claim under applicable Maryland law. *See Arbabi v. Fred Meyers, Inc.*, 205 F. Supp. 2d 462, 465–66 (D. Md. 2002). Further, while Mr. Wells refers to both the ADA and the Rehabilitation Act, he has not adequately stated facts showing that, because of a disability, he was discriminated against in regard to a public service, program, or activity for which he was otherwise qualified. *See Constantine v. The Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). In short, while Mr. Wells may have

1

been rudely treated by a VA employee, which would be inappropriate and regrettable, it is not sufficient to state a claim for money damages against the VA.

Further, it is not clear whether Mr. Wells' wife, Crystal Wells, is intended to be a plaintiff. She is not listed as a plaintiff on the complaint and did not sign it, but some portions of the complaint appear to seek compensation for her own emotional distress. This also is not sufficient to state a claim.

Because Mr. Wells is representing himself, he will be given an opportunity to file an amended complaint clearly stating additional facts to support his claims, if he has any. There does not at this time, however, appear to be sufficient basis to appoint an attorney. A separate Order follows.

<u>September 19, 2016</u>                                            <u>          /S/                        </u>
Date                                                                              Catherine C. Blake
                                                                                      United States District Judge